UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARQUETTE,<br><br>Plaintiff,<br><br>v.<br><br>NEGOUCHI, et al.<br><br>Defendants. | No. 2:14-cv-1790 MCE DAD P<br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with an action for alleged violations of his civil rights, pursuant to 42 U.S.C. § 1983. His complaint alleges numerous acts of retaliation by correctional officers because of his sexual orientation, his relationship with his same-sex partner, or both. (See Screening Order (ECF No. 16) at 3.)

On December 8, 2014, plaintiff filed a written request asking this court to issue an order enjoining the California Department of Corrections and Rehabilitation (CDCR) from transferring him or his partner to another prison. (See ECF No. 26.) Plaintiff alleged at the time that he had heard "oral confirmation" that officials were planning a transfer in retaliation for his decision to pursue this lawsuit against the defendants. (Id.) The court has docketed the request as a motion for preliminary injunction.

A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. See Dymo Indus. v. Tapeprinter, Inc., 326 F.2d

1

141, 143 (9th Cir. 1964). "A preliminary injunction . . . is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Thus a federal court should not issue a preliminary injunction unless it is necessary to prevent an injury to the plaintiff's person or that would impair the court's ability to grant effective relief in a pending action.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A plaintiff cannot, as a general matter, obtain injunctive relief against non-parties. "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). However, a federal court does have the power to issue orders in aid of its own jurisdiction, 28 U.S.C. § 1651(a), and to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).

Plaintiff served his last filing in this case on June 15, 2015. (See ECF No. 51.) At that time, plaintiff remained incarcerated at Mule Creek State Prison, where he was assigned when he filed this lawsuit as well as when he filed the request for an injunction against his transfer. However, on July 28, 2015, court staff confirmed with CDCR that plaintiff had been granted parole the day before, July 27, 2015. Indeed, as of the date of this order, CDCR's online inmate locator no longer lists plaintiff as an inmate in the custody of that agency.

Generally, when a prisoner complains of unconstitutional conditions of confinement and is transferred to another facility, a claim for injunctive relief from those conditions becomes moot. See Brady v. Smith, 656 F.2d 466, 468 (9th Cir.1981); Darring v. Kinchoe, 783 F.2d 874, 876 (9th Cir.1986); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1990). Parole and release from custody have the same effect. Therefore plaintiff's request for injunctive relief against his or his partner's transfer to another prison should be denied as moot.[1] See Walker v. Huston, 689 F.2d 901, 902-03 (9th Cir.1982).

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Finally, the court notes that several defendants have filed a motion to dismiss (ECF No. 46), but plaintiff has not filed an opposition or statement of non-opposition to the motion, as required by Local Rules 230(c) and 230(l). Plaintiff is admonished that failure to respond to the motion to dismiss allows the court to find that he has abandoned his claims and to enter a voluntary dismissal of this case for failure to prosecute. See Local Rule 110 and Federal Rule of Civil Procedure 41(b). Therefore, plaintiff will be granted thirty days from the date of this order in which to file an opposition or statement of non-opposition to the pending motion to dismiss. Failure to comply with or otherwise respond to this order will result in a recommendation that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and the Local Rules.

---

[1] Mootness is "a prudential jurisdictional question antecedent to the merits of the preliminary injunction motion, not a merits question incorporated therein[.]" S.E.C. v. Banc de Binary Ltd., 964 F.Supp.2d 1229, 1238 (D. Nev. 2013). Therefore, the court makes no finding and expresses no opinion as to whether plaintiff can state a cognizable, valid legal claim based on the threatened transfer of his same-sex partner to another prison.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for appointment of counsel (ECF No. 31) is denied.

2. Plaintiff has thirty days from the date of this order in which to file an opposition or statement of non-opposition in response to the motion to dismiss (ECF No. 46).

IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 26) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 28, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
marq1790.57